UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 10821 RGS**

JANEL RUSSELL DESIGNS, INC.

    Plaintiff,

v.       C.A. No.

BARMAKIAN METRO, INC.,     MAGISTRATE JUDGE _____

    Defendant.

RECEIPT # _55508_
AMOUNT $ _150_
SUMMONS ISSUED _YES_
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE _4-26-04_

### VERIFIED COMPLAINT

This is a civil action for temporary, preliminary and permanent injunctive relief and money damages.

### Parties And Jurisdiction

1. Plaintiff Janel Russell Designs, Inc. ("Janel Russell Designs") is a Delaware corporation with a principal place of business at 2167 McMenemy Street, St. Paul, Minnesota 55117.

2. Defendant Barmakian Metro, Inc. ("Barmakian") is a corporaton doing business in Boston and Framingham, Massachusetts.

3. This Court has subject-matter jurisdiction over this action pursuant to Section 1338(a) of Title 28 of the United States Code. Venue is proper in this judicial district under Section 1391(b) & (c) and Section 1400(a) of Title 28 of the United States Code.

### Factual Allegations

4. Janel Russell Designs was formed by Janel Russell. Janel Russell is an artist who has for many years been engaged in the creation of unique pieces of jewelry.

5. In 1980, Janel Russell created a unique work known as the Mother And Child design. This work, shown in Exhibit A hereto, is the subject of U.S. Copyright Registration VAU 23-358 granted by the U.S. Copyright Office on March 2, 1981, and U.S. Copyright Registration VA 111-110 granted on October 18, 1982. Both of these registrations have been assigned to Janel Russell Designs. Copies of the registrations are attached as Exhibit B hereto.

6. In subsequent years, Janel Russell created derivative works based upon the original work shown in Exhibit A. These works include earrings, lockets, bracelets and pendants. For example, Ms. Russell created a heart-shaped Mother And Child pendant in 1984.

7. Since 1981, products incorporating the original Mother And Child work and derivatives thereof have been marketed pursuant to license by a variety of entities. All copies of the original Mother And Child work and derivatives thereof made by Janel Russell Designs or under its authority or license have been published in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyrights. As a result of the efforts undertaken by Janel Russell Designs, products incorporating the Mother And Child work have become widely successful commercial products. More than 800,000 such products have been sold.

8. In 1996, Janel Russell Designs discovered that Barmakian was selling pendants embodying the copyrighted Mother And Child design. The pendants were unauthorized imitations or "knock-offs" of pendants embodying the original design. Janel Russell Designs promptly sent Barmakian a certified letter demanding that Barmakian immediately stop selling the knock-offs. Janel Russell Designs also sent Barmakian a photograph of the copyrighted

Mother And Child pendant so Barmakian would know exactly what the copyrighted design looked like.

9. Barmakian responded by letter dated April 9, 1996. In its letter, Barmakian stated that it would "cease[] ordering and selling anymore Mother And Child pendants" and that it would "destroy or return any remaining charms of [Ms. Russell's] design that we may have in our inventory." A copy of Barmakian's letter is attached as Exhibit C hereto.

10. In April 2004, an agent of Janel Russell Designs purchased an unauthorized imitation Mother And Child pendant from Barmakian. A photograph of this pendant is shown in Exhibit D hereto.

11. The imitation Mother And Child jewelry sold by Barmakian is confusingly similar to the authentic Mother And Child jewelry which Janel Russell Designs authorizes for manufacture and sale. The unauthorized imitation Mother And Child jewelry sold by Barmakian is referred to herein as the "Infringing Jewelry."

12. On September 25, 2000, the United States District Court for the District of Minnesota (Tunheim, J.) issued a Memorandum Opinion And Order in an action captioned <u>Janel Russell Designs, Inc. v. Mendelson & Associates, Inc.</u>, Civil No. 99-1993. In <u>Mendelson</u>, the Court affirmed the validity of plaintiff's copyright in the Mother And Child design, and enjoined the defendant -- which marketed and sold imitation Mother And Child pieces similar to the imitations sold by Barmakian -- from producing, importing or distributing its imitation designs. A copy of the Court's opinion in <u>Mendelson</u> (which was later withdrawn, pursuant to the parties' settlement argument) is attached hereto as Exhibit E.

## Count 1:  Copyright Infringement

13. Paragraphs 1 through 12 above are incorporated by reference as if fully set forth herein.

14. Janel Russell Designs' original Mother And Child work and derivatives thereof covered by its copyright registrations are each original, and constitute copyrightable subject matter.

15. Janel Russell Designs has complied in all respects with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, et seq.; has secured its rights and privileges in the original Mother And Child work and derivatives thereof; and has obtained Certificates of Registration from the Register of Copyrights, United States Copyright Office. The registrations for the original Mother And Child work shown in Exhibit B were effective prior to the commencement of Barmakian's infringing activities.

16. The exclusive rights granted to copyright owners under 17 U.S.C. § 106 include: (a) the right to reproduce the copyrighted work in copies; (b) the right to prepare derivative works based upon the copyrighted work; and (c) the right to distribute copies of the copyrighted work to the public.

17. Pursuant to 17 U.S.C. § 501, an infringer is one who violates the exclusive rights of the copyright owner as provided in 17 U.S.C. § 106.

18. Barmakian had access to Janel Russell Designs' copyrighted Mother And Child work. Barmakian copied that copyrighted work and sold the resulting Infringing Jewelry within the United States, all without the authorization of Janel Russell Designs and its licensees, and all

PRV_649923_1/MPOGUE

in violation of Janel Russell Designs' rights under the copyright laws of the United States. Accordingly, Barmakian has infringed Janel Russell Designs' copyrights.

19. Barmakian's copyright infringement has been willful and deliberate. Barmakian was informed in 1996 that Janel Russell Designs owned copyrights in the Mother And Child design. Barmakian proceeded to infringe Janel Russell Designs' copyrights and to sell Infringing Jewelry despite that knowledge.

20. Barmakian's copyright infringement is inflicting substantial damage on Janel Russell Designs. Such damage and injury is irreparable and will continue unless such infringement is enjoined. In addition, the wrongful acts of Barmakian have caused Janel Russell Designs substantial monetary damage in an amount yet to be determined.

### Count 2: Unfair Competition

21. Janel Russell Designs incorporates the foregoing allegations by reference.

22. By passing off confusingly similar imitations of authentic Mother And Child jewelry without authority from Janel Russell Designs, Barmakian is engaging and has engaged in unfair competition against Janel Russell Designs. As a proximate result thereof, Janel Russell Designs has been damaged.

### Count 3: Unfair Trade Practices

23. Janel Russell Designs incorporates the foregoing allegations by reference.

24. Barmakian's sale of Infringing Jewelry is an unfair and deceptive trade practice within the meaning of M.G.L. c. 93A. As a proximate result of Barmakian's unfair and deceptive trade practices, Janel Russell Designs has been damaged.

### Prayer For Relief

Wherefore, Janel Russell Designs prays for relief as follows:

1. That Barmakian and its officers, directors, employees and agents, and all other persons acting in concert or participation with them, be temporarily, preliminarily and permanently enjoined from purchasing, selling or advertising Infringing Jewelry, and from further engaging in acts of unfair competition.

2. That Barmakian be directed to deliver all Infringing Jewelry to Janel Russell Designs for destruction.

3. That Barmakian pay to Janel Russell Designs the greater of its actual damages, its profits, or statutory damages as provided in 17 USC § 504(c).

4. That any monetary award be increased in accordance with 17 USC § 504(c)(2) because Barmakian's infringement was willful.

5. That Barmakian pay compensatory damages to Janel Russell Designs in an amount to be determined at trial.

6. That Janel Russell Designs be awarded its costs and attorneys fees incurred herein pursuant to 17 USC § 505.

7. Such further relief as the Court deems just and proper.

### Verification

I, Janel Russell, president of Janel Russell Designs, Inc., have read the allegations of the Verified Complaint and the same are true and correct to the best of my knowledge and belief.

*Janel Russell*

JANEL RUSSELL DESIGNS, INC.,

By its Attorneys,

- 7 -

_/s/ Mark A. Pogue_
Mark A. Pogue (BBO# 550800)
EDWARDS & ANGELL, L.L.P.
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
FAX (401) 276-6611