UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANEL RUSSELL DESIGNS, INC. : | |
| Plaintiff, : | |
| v. : | C.A. No. 04-10821-RGS |
| BARMAKIAN METRO, INC., : | |
| Defendant. : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Janel Russell Designs, Inc. ("JRDI") submits this memorandum in support of its motion for a temporary restraining order. As shown below and in the Verified Complaint, this relief is necessary to stop the copyright infringement presently being committed by the defendant Barmakian Metro, Inc. ("Barmakian").

### Background

As the Verified Complaint establishes, JRDI holds U.S. Copyright Registration VAU 23-358, issued on March 2, 1981, and U.S. Copyright Registration VA 111-110, issued October 18, 1982 (collectively, the "Registrations"). The Registrations relate to a unique work known as the Mother And Child design created by Janel Russell, JRDI's president, in 1980. Ms. Russell has created many derivative works based upon the original Mother And Child design (the "Works") A photograph of a pendant embodying the Mother And Child Design is attached as Exhibit A to the Amended Complaint.

In 1996, JRDI discovered that Barmakian was selling pendants embodying the copyrighted Mother And Child design (the "Infringing Jewelry"). The Infringing Jewelry

consisted of unauthorized counterfeit imitations of the Works. JRDI sent Barmakian a certified letter demanding that it immediately stop selling the Infringing Jewelry. JRDI also sent Barmakian a photograph of the copyrighted Mother And Child pendant so that Barmakian would know exactly what the copyrighted design looked like.

Barmakian responded by letter dated April 9, 1996. In the letter, Barmakian stated that it would "cease[] ordering and selling anymore Mother And Child pendants" and that it would "destroy or return any remaining charms of [Ms. Russell's] design that we may have in our inventory." A copy of Barmakian's letter is attached as Exhibit C to the Verified Complaint.

In April 2004, JRDI discovered that Barmakian was still selling counterfeit imitations of JRDI's copyrighted Works. In particular, JRDI's agents purchased pendants embodying the copyrighted Mother And Child design from Barmakian's stores in Boston and Framingham, Massachusetts. JRDI had not authorized Barmakian to sell these imitations.

## Argument

As shown below, JRDI is likely to succeed on its claim of copyright infringement against Barmakian. JRDI's motions for a temporary restraining order and associated relief should therefore be granted.

### I. Barmakian's Actions Violate The Federal Copyright Laws

Barmakian's blatant copying of the Works violates federal copyright law. Section 501 of Title 17 of the United States Code provides:

> Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 108... is an infringer of the copyright.

Section 106 of this statute provides that the "exclusive rights" of a copyright owner include the right to "reproduce the copyrighted work" and to "distribute copies ... of the

copyrighted work." Thus, by manufacturing, marketing and/or selling unauthorized counterfeit imitations of the Works, Barmakian has infringed JRDI's exclusive rights in the Works.

### II. JRDI Is Entitled To The Issuance Of A Temporary Restraining Order To Enjoin Barmakian's Infringement

JRDI is entitled to the issuance of a temporary restraining order to enjoin Barmakian's copyright infringement.

To obtain a preliminary injunction, the moving party must show that (1) it will suffer irreparable injury absent the injunction; (2) the injury will outweigh the harm imposed on any defendant if the injunction is granted; (3) it is likely to succeed on the merits of the case; and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981). "Courts have extended the four-factor test to temporary restraining orders." Latin American Music Company, Inc. v. Cardenas Fernandez & Assoc., Inc., 2001 WL 196742 *2, n.2 (1st Cir. 2001); see Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993); Nation Magazine v. Dep't of State, 805 F. Supp. 68, 72 (D.D.C. 1992).

"Several general rules regarding application of the four factors of the preliminary injunction test to copyright cases have evolved." Concrete Machinery Company, Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611 (1st Cir. 1988). First, "irreparable harm is usually presumed if likelihood of success on the copyright claim has been shown. There is, therefore, no need actually to prove irreparable harm when seeking an injunction against copyright infringement." Id. (citations omitted).

Second, "the issue of public policy rarely is a genuine issue if the copyright owner has established a likelihood of success: Since Congress has elected to grant certain exclusive rights to the owner of a copyright, it is virtually axiomatic that the public interest can only be served by

upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." Concrete Machinery Company, Inc., 843 F.2d at 612 (citations and quotation marks omitted).

Third, in copyright actions, the "balance of hardships" factor is usually of "questionable relevance." Concrete Machinery Company, Inc., 843 F.2d at 612. This is because "[i]t would be incongruous to hold that the more an enterprise relies on copyright infringement for survival, the more likely it will be able to defeat the copyright owner's efforts to have that activity immediately halted." Id. "If that were the correct standard, then a knowing infringer would be permitted to construct its business around its infringement, a result we cannot condone." Id. (quoting Apple Computer Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983)).

In short, the likelihood of success element is paramount in copyright actions in which injunctive relief is sought. "If a strong likelihood of success is demonstrated, then the court should issue the injunction even if the defendant will incur the relatively greater burden; a probable infringer simply should not be allowed to continue to profit from its continuing illegality at the copyright owner's expense." Concrete Machinery Company, 843 F.2d at 613.

Here, there can be no question that JRDI has shown a likelihood of success on its claim of copyright infringement. "To establish copyright infringement, a plaintiff must prove (i) ownership of a valid copyright, and (ii) copying of constituent elements of the work that are original." CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1513 (1st Cir. 1996). Copying is ordinarily established by proof of (1) defendant's access to the copyrighted material and (2) substantial similarity between that material and the allegedly infringing material. 3 Nimmer on Copyright § 13.01 [B] at 13-6. The Verified Complaint establishes that JRDI owns a valid copyright for the Mother And Child design; that Barmakian had access to that design; and

that Barmakian has copied that design. JRDI has therefore shown a likelihood of success on its infringement claim. As a result, a temporary restraining order should issue preventing Barmakian (and any individuals or entities acting in concert with it) from purchasing, selling, advertising or making the Infringing Jewelry or any other products which infringe the copyrighted Mother And Child design.

## Conclusion

For the foregoing reasons, JRDI's Motion for Temporary Restraining Order should be granted.

JANEL RUSSELL DESIGNS, INC.,
By its Attorneys,

Mark A. Pogue (BBO# 550807)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
FAX (401) 276-6611

Brian H. Lamkin (BBO# 635688)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
FAX (617) 439-4170

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2004, a copy of the foregoing was served by hand on:

> Michael Grace, Esq.
> Adler, Pollack & Sheehan
> 175 Federal Street, 12th Floor
> Boston, MA 02110

Brian H. Lamkin (BBO# 635688)