UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| JANEL RUSSELL DESIGNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARMAKIAN METRO, INC., <br><br> Defendant. | Civil Action No. 04-10821-RGS |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action may involve the disclosure of certain documents, things and information in the possession, custody or control of a party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, Plaintiff and Defendant have, through counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information;

IT IS HEREBY ORDERED as follows:

1. This Protective Order shall apply to all information, documents and things within the scope of discovery and testimony in this action that are in the custody or possession of, or are owned or controlled by Janel Russell Design, Inc. ("Janel Russell"), including all present and past divisions, subsidiaries, parents and affiliates of Janel Russell or Barmakian Metro, Inc. ("Barmakian"), including all present and past divisions, subsidiaries, parents and affiliates of

Barmakian, which are received by Janel Russell or Barmakian in connection with discovery or testimony in this action, whether from a party or nonparty, including, without limitation, documents and things responsive to requests for production of documents and things under Fed. R. Civ. P. 34, responses to written interrogatories under Fed. R. Civ. P. 33, responses to requests for admission under Fed. R. Civ. P. 36, testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31, documents and things produced or testimony adduced pursuant to Fed. R. Civ. P. 45, and testimony adduced at a hearing or trial.

2. In this Order, the term "CONFIDENTIAL INFORMATION" shall mean information so designated by a party in compliance with this Order. Information so designated may be all or part of a document or thing, testimony, interrogatory, answer, admission or other form of evidence or discovery.

3. Any party may designate as "CONFIDENTIAL INFORMATION" any information or thing that the party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and that the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence. "CONFIDENTIAL INFORMATION" may include, but shall not be limited to, technical information such as product design and manufacturing techniques or processing information, trade secrets, formulae, research and development information, customer lists, sales, cost, and pricing information (whether actual or projected); information that a party has treated as confidential and not subject to public disclosure; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as Confidential pursuant to Rule 26 of the Federal Rules of Civil Procedure or any other applicable legal standard.

4. "CONFIDENTIAL INFORMATION" includes information in oral, electronic or written form or embodied in physical samples of materials, the disclosure of which is likely to have the effect of harming the competitive position of the party from which the information was obtained or the disclosure of which would violate an obligation of confidentiality to a third person, including another court. No item shall be deemed CONFIDENTIAL INFORMATION if it

a) was known to the receiving party without obligation of confidentiality to the producing party prior to disclosure by the producing party, as evidenced by the receiving party's written records;

b) is subsequently disclosed to the receiving party by a third party having no obligation of confidentiality to the producing party with respect to such information;

c) is independently developed by employee(s) of the receiving party who had no access to such information before such development; or

d) is published or becomes generally known to the public through means not constituting a breach of this Order.

Before the designation of any item as containing CONFIDENTIAL INFORMATION, the designating party shall make reasonable efforts to assure itself that these exclusions do not apply.

5. Notwithstanding any other provisions of this Order, the party producing CONFIDENTIAL INFORMATION may choose to withdraw its designation as CONFIDENTIAL INFORMATION by doing so in writing.

6. The restrictions upon, and obligations accruing to, persons who become subject to this Order shall not apply to any information as to which the Court rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION.

7. Any oral, electronic or written information produced at any time in this litigation, either voluntarily, pursuant to a discovery request or pursuant to court order, which is asserted by the producing party to contain or constitute CONFIDENTIAL INFORMATION, shall be protected as follows.

a) Documents and things containing CONFIDENTIAL INFORMATION shall be clearly and prominently marked on their face by the placement of an appropriate stamp, sticker or other indicia with the legend: "CONFIDENTIAL INFORMATION," or words to that effect. Anything which cannot be so marked on its face shall be marked by placing this legend on a container or package in which the thing is produced or a tag attached thereto.

b) If such CONFIDENTIAL INFORMATION is contained in a deposition transcript, trial transcript or other transcript of testimony, the transcript may be designated as containing CONFIDENTIAL INFORMATION in accordance with this Order by notifying the other party on the record at the time of the testimony or in writing, within thirty (30) days of the deposition, of the specific pages and lines of the transcript which contain CONFIDENTIAL INFORMATION. All deposition transcripts, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing CONFIDENTIAL INFORMATION and subject to this Protective Order until a time thirty (30) days after the deposition. The parties may also designate the entire deposition testimony of a witness as containing CONFIDENTIAL INFORMATION. If no such designation is made either on the record at the time the deposition is taken or

within the time period specified above, the transcript and exhibits shall not be deemed to contain CONFIDENTIAL INFORMATION.

8. In the absence of written permission from the producing party or further order by the Court, CONFIDENTIAL INFORMATION may be used only for the purposes of this lawsuit and disclosed only to the following persons:

a) outside counsel engaged by a party to represent it in connection with this litigation, including lawyers, paralegals, secretarial and clerical personnel, photocopiers, graphic services and trial consultants, who are engaged in assisting such counsel in this case;

b) officers and directors of the receiving party;

c) testifying experts retained by the receiving party who are not a current employee, officer or director of any party, and any employees and assistants under the control of such experts;

d) any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this action;

e) any employee of the party that produced the CONFIDENTIAL INFORMATION;

f) personnel of photocopy firms or graphics firms engaged by a party;

g) a former employee or former consultant of the party that produced the CONFIDENTIAL INFORMATION or other person who authored, received or was shown such information during his employment by the party; and/or

h) any interpreter or typist or transcriber used by the interpreter.

9. CONFIDENTIAL INFORMATION shall not be disclosed to persons described in sub-paragraph c) unless and until such person has executed an affidavit or declaration substantially in the form attached as Exhibit A. Such executed affidavit or declaration must be provided to all other parties named in this action at least seven (7) business days before any initial disclosure, along with a written statement setting forth such person's present residence address and business address, current employer and job title, and any past or present association with any party. A *curriculum vitae* also must be provided for any expert or consultant sought to be qualified under subparagraph c). If any party objects in writing to the disclosure of CONFIDENTIAL INFORMATION to such person within five (5) business days after receiving notice, no such disclosure shall be made to that person without prior approval of the Court or the objecting party. Any objection shall state with particularity the basis for the objection. If the parties are unable to resolve the objection informally, either party may move the Court for an appropriate order. Pending resolution of any such motion, no disclosure shall be made to such person.

10. CONFIDENTIAL INFORMATION (including confidential portions of documents or transcripts) or any document, pleading or brief which discloses the substance or content of CONFIDENTIAL INFORMATION used in connection with any motion, other written submission, hearing or trial in this action, shall be marked as follows:

**CONFIDENTIAL INFORMATION**

The contents of this envelope are subject to a Protective Order

United States District Court for the District of Massachusetts

*Janel Russell Designs, Inc. v. Barmakian Metro, Inc.*

No. 04-10821-RGS

and shall be filed under seal for the Court's *in* camera inspection, or shall be submitted to the Court in such other manner as the parties and the Court may agree to protect the confidentiality of such information. The original and all copies of any document constituting or containing CONFIDENTIAL INFORMATION shall state in bold letters on the first page of the document that it is confidential.

11. Inspection of documents or things by either party shall be conducted only by persons eligible under paragraph 8. Such persons shall treat all information in such documents or things as containing CONFIDENTIAL INFORMATION until copies are produced, and thereafter to the extent that such information is designated CONFIDENTIAL INFORMATION under paragraph 7 above. In the event that a deposition in this action is, at the request of a party, attended by a person not authorized to receive CONFIDENTIAL INFORMATION pursuant to paragraph 8, then any other party may have such person excluded from the deposition during any portions of the examination that it reasonably believes may result in the disclosure of its CONFIDENTIAL INFORMATION.

12. All CONFIDENTIAL INFORMATION produced in accordance with this Order shall be utilized solely for purposes of this litigation. Use for purposes of this litigation shall include, *inter alia*, use in testimony, trial exhibits, motions, depositions, expert reports or witness preparation, subject to the restrictions of this Order, but shall not include, *inter alia*, use for or in connection with the research, development, manufacture, sale or marketing of any product or process.

13. The substance or content of any CONFIDENTIAL INFORMATION, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain CONFIDENTIAL

INFORMATION pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as CONFIDENTIAL INFORMATION in all respects. Notwithstanding this restriction, outside counsel qualified to receive CONFIDENTIAL INFORMATION under this Order shall not be precluded from rendering legal advice to or discussing with his or her client the merits of any issue in this litigation, as long as the specific substance or content of Confidential Information is not revealed to a person not qualified to receive such CONFIDENTIAL INFORMATION under the terms of this Order.

14. If the Court orders, or if the producing party agrees, that access to or dissemination of information submitted as CONFIDENTIAL INFORMATION may be made to persons not included in paragraph 8 above, such matter shall only be accessible to or disseminated to such persons based upon the conditions pertaining to and obligations arising from this Order, any order requiring the dissemination of said matter, or an agreement by the producing party to disseminate said matter. Such persons shall be considered subject to said conditions and obligations, unless the Court finds that the information is not CONFIDENTIAL INFORMATION.

15. If a party to this Order who is to receive any CONFIDENTIAL INFORMATION disagrees with respect to its designation as CONFIDENTIAL INFORMATION, in whole or in part, it shall notify the producing party in writing, and the parties will thereupon confer as to the status of the subject information proffered within the context of this Order. If the receiving and producing parties are unable to agree on the status of the subject information, any party to this Order may raise the issue of the designation of such status to the Court, which shall consider the issue. The Court may raise the issue of designation of the confidential status without any request from a party. In any disagreement over the

designation of CONFIDENTIAL INFORMATION, the producing party bears the burden of showing that the designated information is CONFIDENTIAL INFORMATION. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not act as a waiver of its right to make a subsequent attack on the propriety of such designation, nor shall such failure to challenge constitute an admission that any information is in fact confidential.

16. Upon the completion of this litigation, the ultimate disposition of CONFIDENTIAL INFORMATION shall be subject to a final Order of the Court. In the absence of such an Order, each party that is subject to this Protective Order shall either destroy or return to the producing party all items containing the producing party's CONFIDENTIAL INFORMATION, including all copies of such matter which may have been made and documents or materials containing CONFIDENTIAL INFORMATION, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party, or memoranda, notes or other materials prepared by or for counsel which contain or refer to CONFIDENTIAL INFORMATION. All such materials containing notes or other attorney work product shall be destroyed. Such items include, but are not limited to, all documents and things produced in the litigation containing CONFIDENTIAL INFORMATION, as well as all transcripts, audio recordings and video recordings of depositions, hearing or trial containing such CONFIDENTIAL INFORMATION. The party returning or destroying items containing another party's CONFIDENTIAL INFORMATION shall by letter certify that all items containing the producing party's CONFIDENTIAL INFORMATION have been returned and/or destroyed, respectively. Notwithstanding the preceding sentences of this paragraph, one complete set of papers filed with or received from the Court and any testimony may be retained

by outside trial counsel of each of the parties, but any court papers containing CONFIDENTIAL INFORMATION shall remain subject to the provisions of this Protective Order.

17. If any CONFIDENTIAL INFORMATION is produced by a nonparty or third person to this litigation, such a nonparty or third person shall be considered a "producing party" within the meaning of that term as it is used in the context of this Order, and both parties to this Order shall be treated as receiving parties and such CONFIDENTIAL INFORMATION will be treated and protected pursuant to the terms of this Order. If CONFIDENTIAL INFORMATION is covered by a confidentiality obligation to a nonparty or third person, the party possessing such information shall identify the information with sufficient particularity as to enable the receiving party to understand the subject of such information and the identity of the nonparty or third person, and shall seek permission from the nonparty or third person to produce such information. If the nonparty or third person refuses to consent to production of this information, the receiving party may request an order from this Court or other court having appropriate jurisdiction compelling such production. For purposes of this paragraph, "third person" shall not include another party to this litigation or any parent, subsidiary, division or affiliate of a party.

18. In the event that one or more parties are added or substituted into this action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties to seek relief from or modification of this Order.

19. The designation of any discovery material in accordance with this Order as constituting or containing CONFIDENTIAL INFORMATION is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an

admission or agreement by any party that the designated material constitutes or contains CONFIDENTIAL INFORMATION.

20. The inadvertent disclosure by the producing party of CONFIDENTIAL INFORMATION without designating that information as such will not be deemed a waiver in whole or in part of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon prompt notice by the producing party showing that the information was inadvertently disclosed and showing that the information is confidential, the receiving party shall return the originals and all copies of the documents or things containing the CONFIDENTIAL INFORMATION so that the producing party may designate them as containing such information.

21. The inadvertent disclosure by the producing party of information that is privileged or otherwise immune or protected under the law from production will not be deemed a waiver in whole or in part of attorney-client privilege, attorney work product immunity or other ground of immunity from discovery, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon written notice by the producing party within fifteen (15) days of learning of such inadvertent disclosure notifying the receiving party(ies) that the information was inadvertently disclosed, the receiving party(ies) shall promptly return the originals and all copies of the documents or thing containing the allegedly privileged or immune information. If the receiving party disagrees that the information is protected from disclosure by the attorney-client privilege, work product immunity or other immunity from discovery, it may move the Court for an order that such information be produced, in which case, the party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists. The failure to notify the receiving part(ies) of

such inadvertent disclosure within the time period prescribed will not be deemed, however, a waiver in whole or in part of attorney-client privilege, attorney work product immunity or other ground of immunity from discovery as to any other information relating thereto or on the same or related subject matter, provided that the producing party can establish that the production was, in fact, inadvertent, in which case, the producing party may not affirmatively rely on the inadvertently produced information unless another party introduces it into evidence or refers to it for purposes of cross-examination or impeachment.

22. All documents and things produced for inspection may be numbered by the producing party by utilizing a non-ambiguous alphabetic prefix unique to the producing party. (e.g. Janel Russell numbers having the prefix "JR". Barmakian numbers having the prefix "B").

23. A producing party may produce for inspection documents or things containing CONFIDENTIAL INFORMATION that are not marked or designated in accordance with paragraph 7 above, and prior to supplying copies of documents and things requested by the inspecting party, may mark or designate such copies as containing CONFIDENTIAL INFORMATION in accordance with paragraph 7. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver in whole or in part of confidentiality, privilege, work product or other ground of immunity from discovery as to any other information.

24. All CONFIDENTIAL INFORMATION of a party shall be maintained under the direct control or supervision of outside counsel to the receiving party or persons authorized to receive CONFIDENTIAL INFORMATION pursuant to paragraph 8.

25. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product.

26. This Order shall survive the final termination of this action with respect to any CONFIDENTIAL INFORMATION.

27. Nothing is this Order shall prejudice any right of any party or third party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material.

Respectfully submitted,

5-26-04
Date

*/s/ Mark A. Pogue*
Mark A. Pogue
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
fax (401) 276-6611

ATTORNEYS FOR PLAINTIFF

6/3/04
Date

*/s/ Richard M. Gilbert*
Richard M. Gilbert
Adler Pollock & Sheehan, P.C.
175 Federal Street
Boston, MA 02110
(617) 482-0600
fax (617) 482-0600

ATTORNEYS FOR DEFENDANT

SO ORDERED:

_____    _____
U.S. District Court                                Date

Date: May 14, 2004
*297724_1.doc*